```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

                                :
TECHNIDATA AMERICA, LLC
                                :

     v.                         :     Civil Action No. DKC 2007-1754

                                :
SCIQUEST, INC.
                                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this contract dispute are cross motions for summary judgment filed by Defendant/Counter-Plaintiff SciQuest, Inc. ("SciQuest")(Paper 76), and Plaintiff/Counter-Defendant TechniData America, LLC ("TDA") (Paper 88). The issues are fully briefed and the court now rules, pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, SciQuest's motion will be denied and TDA's motion will be granted.

**I.  Background**

This case arises from the parties' dispute regarding the ownership of a stock warrant ("the Warrant"), which grants its holder the right to purchase a fifteen percent ownership share in Plaintiff/Counter-Defendant TDA. In July 1998, EMAX Solution Partners, Inc., a Delaware corporation, entered into an Asset Purchase Agreement ("the Purchase Agreement") with Essential Technologies, Inc., a Maryland corporation, pursuant to which Essential acquired certain assets and liabilities of EMAX. The Purchase Agreement also contemplated that Essential would cause

TDA, a Maryland limited liability company, to be formed.[1] Under the agreement, TDA would be assigned substantially all of the assets and liabilities acquired from EMAX.  As consideration for the assets purchased from EMAX, Essential would cause TDA to issue to EMAX the Warrant, which would grant EMAX the right to acquire, "subject to the provisions of this Warrant . . . at any time on or after September 30, 1999 and not later than December 31, 2024, a membership interest in [TDA] . . . constituting a fifteen percent (15%) equity interest in [TDA]."  On or about December 31, 1998, TDA issued the Warrant to EMAX.  The Warrant provides, in pertinent part, that it "is not assignable or transferable," and that it "shall be governed by, and construed in accordance with, the laws of the State of Maryland."  (Paper 2, Ex. B, at §§ (f),(o)). Defendant SciQuest, Inc., merged with EMAX effective as of December 31, 2001.  SciQuest was the surviving entity and EMAX ceased to exist.  TDA learned of the merger on April 15, 2004.

TDA instituted this action in April 2007 in the Circuit Court for Montgomery County, seeking a declaration that SciQuest breached the non-assignment provision of the Warrant when the Warrant became the property of SciQuest by virtue of its merger with EMAX. SciQuest removed the case to this court on July 3, 2007.  (Paper 1).  On the same date, SciQuest filed a motion to dismiss, contending that the complaint failed to state a claim because the

---

[1] TDA was formerly known as Enterprism Solutions, LLC.

merger of EMAX into SciQuest caused a transfer by operation of law that did not violate the anti-assignment provision. (Paper 8). SciQuest's motion to dismiss was denied on March 24, 2008. (Paper 25). On April 21, 2008, SciQuest filed an answer to the complaint, which included a counterclaim against TDA for attorney's fees. (Paper 29).

On December 5, 2008, TDA filed a stipulation of voluntary dismissal, signed by both parties, dismissing its complaint with prejudice. (Paper 54). SciQuest filed an amended counterclaim on December 5, 2008 (Paper 56), and, on January 30, 2009, filed a motion for summary judgment on the portion of the amended counterclaim seeking attorney's fees (Paper 76). SciQuest subsequently filed a second amended and restated counterclaim, dismissing its own breach of contract claim. (Paper 81). TDA filed a cross motion for summary judgment on May 4, 2009. (Paper 93).

SciQuest argues that it is entitled to recover attorney's fees as the prevailing party in the underlying dispute. SciQuest insists that the fee provisions of the Purchase Agreement apply to TDA by virtue of TDA's express acknowledgment of its status as a third-party beneficiary under both the Purchase Agreement and the Warrant, and observes that, prior to its voluntary dismissal of the complaint, TDA itself sought an award of attorney's fees against SciQuest. TDA contends that under the "American Rule," each

3

litigant must bear its own attorney's fees unless a statute or contract expressly provides for their recovery, or another limited exception applies.  TDA asserts that it is not a party to the Purchase Agreement and never agreed to be bound by its provision regarding attorney's fees.  Even if it were bound by the Purchase Agreement, TDA argues, the applicable fee provision applies only to equitable claims and not to the declaratory judgment claims at issue here.  Furthermore, TDA maintains that SciQuest is not the "prevailing party" because there was no judicial determination of the underlying claims of the case.

For the reasons explained below, even if TDA were deemed to be bound by the Purchase Agreement, SciQuest's counterclaim for attorneys' fees must fail.

**II. Analysis**

The Purchase Agreement contains three provisions related to an award of attorney's fees.  Section 11.4 provides that any claim related to the indemnification provisions of the agreement must be submitted to binding arbitration, and that in any litigation seeking to enforce an arbitrator's determination, "the prevailing party . . . shall be fully reimbursed by the other party for all attorneys' fees" and costs.  Section 11.5 exempts from binding arbitration equitable claims related to breach of the agreement, and provides that in any action for equitable relief, "the prevailing party . . . shall be reimbursed by the nonprevailing

4

party for all attorneys' fees" and costs.  Section 12.15 provides that "[i]f any action, suit or litigation shall be brought . . . to enforce this Agreement, the prevailing party . . . shall be reimbursed by the other party for all attorneys' fees" and costs.  Each of these provisions requires, first, that a party seeking attorney's fees must "prevail," and, second, that it must do so in the context of an "action, suit, or litigation."  None of those terms is defined in the Purchase Agreement.

As the parties acknowledge, Maryland law governs resolution of this dispute.  Maryland follows the common law "American Rule," pursuant to which a "prevailing party" is generally not eligible for attorney's fees unless "(1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution." *Nova Research, Inc. v. Penske Truck Leasing Co.*, 405 Md. 435, 445, 952 A.2d 275, 281 (2008) (internal marks and citation omitted). Here, the only potentially applicable exception is that the parties are contractually bound by the terms of the Purchase Agreement.

Contractual clauses that provide for an award of attorney's fees are generally valid and enforceable in Maryland, "subject to a trial court's examination of the prevailing party's fee request for reasonableness."  *Nova Research, Inc.*, 405 Md. at 447-48

5

(citing *Myers v. Kayhoe*, 391 Md. 188, 207 (2006)).  Under the objective theory of contracts, which applies in Maryland:

> a court is to determine from the language of the agreement, what a reasonable person in the position of the parties would have understood the contract to mean at the time the contract was entered into; when the language of the contract is plain and unambiguous, there is no room for construction as the courts will presume that the parties meant what they expressed.

*Mathis v. Hargrove*, 166 Md.App. 286, 318-19, 888 A.2d 377, 396 (2005)(internal marks and citation omitted).  A contract is ambiguous "if, when read by a reasonably prudent person, it is susceptible of more than one meaning," considering the language of the contract as a whole and "not merely a portion thereof." *Nova Research, Inc.*, 405 Md. at 448, 952 A.2d at 283 (citing *Jones v. Hubbard*, 356 Md. 513, 534-35, 740 A.2d 1004, 1016 (1999)).  In this analysis, Maryland courts give effect to "'the customary, ordinary and accepted meaning of the language used.'"  *Id*. (quoting *Atlantic v. Ulico*, 380 Md. 285, 301, 844 A.2d 460, 469 (2004)).

In this case, the term that must be construed is "prevailing party."  In *Nationwide Mut. Ins. Co. v. Regency Furniture, Inc.*, 183 Md.App. 710, 736, 963 A.2d 253, 268 (2009), the Maryland Court of Special Appeals grappled with the meaning of that term in the context of a lease providing for "fee shifting to the 'non-defaulting party' if that party 'shall prevail in litigation.'" The trial court ruled that because one claim had been resolved

6

between the parties and litigation related to another claim had been dismissed, the lessee "was not a 'prevailing party' in litigation against a defaulting party," and thus, was not entitled to attorney's fees. *Nationwide Mut. Ins. Co.*, 183 Md.App. at 736, 963 A.2d at 268.

On appeal, the lessee, Regency, cited a number of cases that the court found distinguishable because "a judgment was entered in favor of the prevailing party for breach of contract." *Id*. at 736-37, 963 A.2d at 268.  In the case before the court, by contrast, "the conversion of Regency's personal property stood apart from the Lease, and thus [was] not covered by the shifting clause, and the parties' pretrial resolution of the accounting/rent dispute meant that the trial court was not being asked to enter a judgment, which would have designated a 'prevailing party.'" *Id*. at 737, 963 A.2d at 268.  Where there was no consent order entered by the court, but rather "a private resolution of the accounting/rent dispute," the trial court properly found that "the parties' private resolution of the accounting/rent claim was not a determination of that issue by litigation, and therefore did not trigger the fee-shifting clause." *Id*.

Courts in other jurisdictions have considered cases applying other "prevailing party" provisions, such as in rules or statutes:

> Courts have relied on Rule 54(d) case law to interpret the term "prevailing party" in contractual fee-shifting provisions.  *See First Commodity Traders, Inc. v. Heinold*

> *Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (applying the meaning of "prevailing party" for the purposes of Rule 54(d) to the term "prevailing party" used in a contract governed by Illinois law). This is permissible because both Rule 54 and fee-shifting provisions have the common purpose of reimbursing a party for the cost of enforcing a legal right. *Id.; see Kessler v. Superior Care, Inc.*, 127 F.R.D. 513, 518-19 (N.D.Ill. 1989) (following *First Commodity Traders* and analogizing case law construing Rule 54(d) in interpreting "prevailing party" in a contractual fee-shifting provision); *Bellevue v. Kafka,* Nos. 92 C 4589, 92 C 6663, 1994 WL 127213, at *3 (N.D.Ill. Apr.7, 1994) (utilizing definition of "prevailing party" as recognized by Rule 54(d) jurisprudence in construing the fee-shifting clause of a partnership agreement).

*Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293, 2007 WL 3232498, at *2 (N.D.Ill. Oct. 30, 2007).[2]

The Supreme Court of the United States held in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001), that for the purpose of awarding attorney's fees under federal statutes, a party is not a "prevailing party" until there has been a "material alteration of the legal relationship of the parties." A "'prevailing party' is one who has been awarded some relief by the court," such as a judgment on the merits or a settlement agreement enforced through a consent decree. *Id.* at 603-04. The underlying nature of the complaint governs whether a

---

[2] Fed.R.Civ.P. 54 (d)(1) provides, in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."

party is a "prevailing party" for purposes of attorney's fees. In a declaratory judgment action, "a party is only a prevailing party for the purpose of attorneys' fees if the declaratory judgment affects the behavior of the defendant." *Baltimore Neighborhoods, Inc. v. LOB, Inc.*, 92 F.Supp.2d 456, 462 n.7 (D.Md. 2000) (citing *Rhodes v. Stewart*, 488 U.S. 1, 3-4,(1988)). After *Buckhannon*, courts have determined that, under Rule 54(d), a voluntary dismissal with prejudice does not confer prevailing party status on the other party. *See, e.g., Lum v. Mercedes Benz, USA, LLC*, 246 F.R.D. 544, 547 (N.D.Ohio 2007).

TDA argues that SciQuest was not the prevailing party in this dispute because there was no judicial declaration regarding the validity of the warrant and therefore neither party prevailed. SciQuest contends that the voluntary dismissal of the complaint with prejudice and a partial settlement agreement confirming the validity of the warrant constituted determinations on the merits, conferring prevailing party status.

As TDA points out, the facts of this case are similar to *Nationwide Mutual Ins. Co.*, 183 Md.App. 710, 963 A.2d 253 (2009). SciQuest cites a slightly earlier case, *Hyundai Motor America v. Alley*, 183 Md.App. 261, 960 A.2d 1257 (2008), for the proposition that a private settlement followed by voluntary dismissal with prejudice does not preclude the recovery of attorney's fees. In further support of its argument that it is the prevailing party in

9

this litigation, SciQuest relies on the notion that a voluntary dismissal with prejudice is a judgment on the merits.

There is a difference, however, between recognizing that a dismissal with prejudice has preclusive effects on any future litigation and construing the opposing party as "prevailing in litigation." Indeed, even as to costs under Fed.R.Civ.P. 54(d), a voluntary dismissal does not qualify for prevailing party status. Moreover, *Hyundai Motor America* is distinguishable because that case construed a Maryland statute and involved analysis of the typical Maryland procedure when a settlement is read into the court record. The settlement there also involved far more than a dismissal; rather, Hyundai agreed to exchange a defective car for a new car worth more than the one the plaintiff had originally purchased. *See Hyundai Motor America*, 183 Md.App. at 264-65, 960 A.2d at 1259. To conclude that the plaintiff prevailed in that settlement was a far cry from construing the dismissal of a suit as such a victory.

SciQuest's counterclaim for attorney's fees fails because there was never a declaration in this case, and, as a result, neither party prevailed. The issue underlying SciQuest's request for attorney's fees – namely, the applicability of the Warrant – was never resolved by the court. Instead, the parties privately reached an agreement without any judicial intervention. Indeed, in

10

denying SciQuest's motion to enforce the settlement (Paper 60), at a hearing on January 13, 2009, the court explained:

> [O]n December 3, TechniData signed, and on December 5, SciQuest signed, a partial settlement agreement, which states . . . that the parties mutually agree to resolve and settle their respective declaratory judgment claims. . . . [T]hat contemplated the dismissal of the complaint . . . and the agreement of TDA to treat the warrant as valid.
>    That was followed by an actual stipulation of dismissal of the complaint that was filed and agreed to specifically by SciQuest, as well as . . . the amendment or the withdrawal of the motion for leave to amend the counterclaim and the filing of the amended and restated counterclaims. . . . *[T]his document is indeed a complete settlement of the declaratory judgment claims concerning the validity of the warrant.*
>    There . . . is nothing left for the [c]ourt to enter a consent judgment on. And I therefore am going to deny SciQuest's motion to enforce settlement agreement.

(Paper 74, at 31:9-32:4)(emphasis added). The parties entered into a voluntary partial settlement agreement without court intervention and subsequently filed a stipulation of voluntary dismissal with prejudice. As a result, there was no prevailing party.

### III. Conclusion

For the foregoing reasons, SciQuest's motion will be denied and TDA's motion will be granted. A separate Order will follow.

                                    /s/
                            _____
                            DEBORAH K. CHASANOW
                            United States District Judge

11